Rickey Dale NEWMAN a/k/a Ricky Dale Newman *v.*
STATE of Arkansas

CR 02-811                                        84 S.W.3d 443

Supreme Court of Arkansas
Opinion delivered September 12, 2002

*Pro Se* Motion to Waive Appeal of Judgment and Sentence; moot.

*Appellant*, pro se.

No response.

P ER CURIAM. On June 10, 2002, judgment was entered reflecting that Rickey Dale Newman had been found guilty by a jury of a capital murder committed on February 7, 2001, and sentenced to death. An appeal was lodged in this court on August 2, 2002. We granted a stay of execution on August 20, 2002. Appellant Newman, who is represented by counsel, now seeks by *pro se* motion to waive the appeal of the judgment and sentence so that the sentence can be executed immediately. The State contends that a competency hearing for waiving his personal right to an appeal is still required. *See, e.g., Smith v. State*, 343 Ark. 552, 39 S.W.3d 739 (2001). We disagree.

██ ██ Rule 10 of the Rules of Appellate Procedure— Criminal, effective for all cases in which its death penalty is imposed on or after August 1, 2001, provides that whenever a sentence of death is imposed, this court shall undertake an automatic review of the case for egregious and prejudicial errors. *State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999). As a result, even though a convicted defendant in a capital case may desire to waive his *personal* right to appeal, the appellate review of the case must proceed, rendering any motion to waive the appeal moot. In accordance with Ark. R. App. P.—Crim.10(b), counsel for appellant Newman is directed to abstract the record and brief the issues required to be reviewed by the rule.

Motion moot.